O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN GUILLERMO NEVAREZ,<br><br>Defendant. | *Criminal Case*<br>No.  ED CR-07-0145-RHW-1<br><br>*Civil Case*<br>No.  ED CV-11-1461-RHW<br><br>**ORDER STRIKING JUDGMENT AND TO SHOW CAUSE** |

  The Defendant plead guilty to Conspiracy to Distribute a Controlled Substance, for which the Court sentenced him to 240 months imprisonment. The Court issued its judgment on June 1, 2010. That judgment was later amended twice–on June 29 and September 21, 2010–to correct minor clerical errors, but the length and terms of the sentence remained unchanged. *Compare* ECF Nos. 182, 184, & 192. On September 13, 2011, the Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, and the Court issued an Order to Show Cause, by November 5, 2011, why Defendant's Motion to Vacate Sentence was not procedurally defaulted. No response was filed. On November 15, 2011, the Court denied the Defendant's motion. He now asks the Court to amend its judgment, stating that he never received a copy of the Order to Show Cause. The Court will grant his request to the extent discussed below.

**ORDER STRIKING JUDGMENT AND TO SHOW CAUSE * 1**

A.   **Failure to Receive Order to Show Cause**

The Defendant avers that he never received the Court's Order to Show Cause, and that his failure to respond was not intentional. A rebuttable presumption of delivery is created when an item is transmitted via first class mail. S.E.C. v. Ross, 504 F.3d 1130, 1136 (9th Cir. 2007). Normally where the court record shows a certificate of mailing and a complaining party submits an affidavit declaring notice was not received, the weight of the evidence favors the court's certificate. But here there is no certification from the court clerk that a hard copy of the show cause order was ever sent to the Defendant. By contrast, such a certification appears on the face of the Court's order denying the Defendant's motion, to which he responded. *Compare* ECF Nos. 236 & 238. This evidence is enough to overcome the presumption of delivery, and the Court strikes its Order Denying the Defendant's Motion to Vacate Sentence. (ECF No. 238).

B.   **Timeliness of Section 2255 Motion**

Because Defendant's sentence was imposed after 1996, his motion is subject to the time limitations proscribed by the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA imposes a one-year statute of limitations that begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[F]inality is normally defined by the imposition of the sentence." Flynt v. Ohio, 451 U.S. 619, 620 (1987). Thus, where subsequent amended judgments do not disturb the ultimate sentence imposed, they do not reset the limitations period. *See*, *e.g.*, United States v. Greer, 79 Fed. App'x 974 (9th Cir. 2003). Untimely motions can be denied as procedurally defaulted.

Here, it is clear from the face of Defendant's motion that, if timed from the June 1, 2010 judgment, his request is outside the limitations period. In the Defendant's case, the limitations period began to run on June 15, 2010, when the ten-day period for filing a direct appeal ended. *See* Never Misses A Shot v. United States, 413 F.3d 781, 782 (8th Cir. 2005) (noting that, where defendant failed to file direct appeal, his

**ORDER STRIKING JUDGMENT AND TO SHOW CAUSE * 2**

conviction became final ten days after the entry of judgment); FED. R. APP. P. 4(b)(1)(A) (setting a 10-day time limit for filing a notice of appeal in a criminal case); FED. R. APP. P. 26(a)(2) (delineating the method for computing the ten-day period and excluding the first day of the period, intermediate Saturdays, Sundays, and legal holidays). The Defendant was therefore required to file his Section 2255 motion on or before June 15, 2011, and his September 13, 2011, motion is untimely.

**C.     Order to Show Cause**

The Court therefore reinstates its Order to Show Cause why the Defendant's Motion to Vacate Sentence should not be dismissed as time-barred. *See* Boyd v. Thompson, 147 F.3d 1124 (9th Cir. 1998) (district court permitted to raise habeas procedural bar *sua sponte* where judicial efficiency dictates). A procedural default, like the expiration of the statute of limitations, is excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The Defendant should not argue about the timeliness of his motion and should instead focus on this actual prejudice or miscarriage of justice standard. Cause "must be something external to the [Defendant], something that cannot fairly be attributed to him." Id. at 753. To meet the prejudice prong, the Defendant must demonstrate "that the errors ... worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011) (internal citations omitted). The Defendant can demonstrate a fundamental miscarriage of justice by "establish[ing] that under the probative evidence he has a colorable claim of factual innocence." Id.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Defendant's Motion to Alter or Amend Judgment (ECF No. 239) is **GRANTED**. The Court's November 15, 2011 Order Denying Defendant's Motion to

**ORDER STRIKING JUDGMENT AND TO SHOW CAUSE * 3**

Vacate Sentence (ECF No. 238) is **STRICKEN**.

2. On or before **January 31, 2012**, Defendant shall **show cause** why his Motion to Vacate Sentence (ECF No. 235) should not be dismissed as time-barred.

3. The Government shall file a response on or before **February 14, 2012**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Defendant *at his prison address*.

**DATED** this 16th day of December, 2011.

　　　　　　　　　　　　　 *s/Robert H. Whaley*
　　　　　　　　　　　　　ROBERT H. WHALEY
　　　　　　　　　　　　　United States District Judge

C:\Temp\notesC7A056\reconsideration (habeas).ord.wpd7

**ORDER STRIKING JUDGMENT AND TO SHOW CAUSE** * 4