UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| JUAN GUILLERMO NEVAREZ,<br><br>Defendant/Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent. | Nos. ED CV-14-1471-RHW<br>ED CR-07-145-RHW<br><br>**ORDER LIFTING STAY AND DENYING MOTION TO VACATE SENTENCE** |

Before the Court is Defendant/Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255. ECF No. 251.

## BACKGROUND

On December 18, 2009, Petitioner pled guilty to conspiring to traffic in cocaine and methamphetamine. ECF No. 146. Pursuant to a mandatory minimum, the Court sentenced Petitioner to 20 years in prison and 10 years of supervised release on May 18, 2010. ECF No. 181. On September 13, 2011, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 235. The Court denied Petitioner's first motion to vacate on May 12, 2012. ECF No. 244.

On July 17, 2014, Petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 251. On August 19, 2014, this Court entered an Order directing the United States Attorney's Office to respond. ECF No. 252. On September 2, 2014, the United States of America responded and then Petitioner filed his timely reply eight days later. ECF Nos. 253 and 254. The main

**ORDER LIFTING STAY AND DENYING MOTION TO VACATE SENTENCE** ~ 1

substantive issue in Petitioner's motion is whether the Supreme Court's decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013) is retroactively applicable. As a case on this precise issue was making its way through the Ninth Circuit at the time, the Court entered an order staying this action until the case was decided. ECF No. 256. The case, *Ezell v. United States*, 778 F.3d 762 (9th Cir. 2015), has been decided and accordingly, the Court lifts the stay in this case. For the reasons set forth below, the Court also denies Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

28 U.S.C. § 2255(h) provides that:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Thus, as the Ninth Circuit recently noted, § 2255(h) creates a jurisdictional bar to the petitioner's claims: 'if the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.' " *Ezell*, 778 F.3d at 765 (quoting *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009).

Here, Petitioner has already had one motion to vacate under 28 U.S.C. § 2255 denied. ECF No. 244. He has not obtained certification from the Ninth Circuit that his second motion contains new evidence or a new rule of constitutional law has been made retroactively applicable. As such, the Court lacks

**ORDER LIFTING STAY AND DENYING MOTION TO VACATE SENTENCE** ~ 2

the authority to consider Petitioner's second motion to vacate his sentence because he has not fulfilled the requirements of 28 U.S.C. § 2255(h).

Even if the Court could consider the merits of Petitioner's motion, the result would be the same. Petitioner argues that *Descamps* announced a new rule of law. ECF No. 251 at 3. In *Ezell*, the Ninth Circuit squarely rejected this argument and noted that *Descamps* was a statutory interpretation case that clarified the application of the modified categorical approach. *Ezell*, 778 F.3d at 766. The panel expressly held that *"Descamps* did not announce a new rule, and even if it did, that rule is not constitutional." *Id*. at 767.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Court lifts the stay in this matter.

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, **ECF No. 251**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to the United States Attorneys' Office and Defendant/Petitioner *at his prison address*, and **close the file.**

**DATED** this 1st day of June, 2015.

 *s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER LIFTING STAY AND DENYING MOTION TO VACATE SENTENCE ~ 3**