UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GUILLERMO NEVAREZ,<br><br>Defendant/Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent. | No. 5:07-CR-00145-RHW-1<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE AND FOR RESENTENCING** |

Before the Court is Defendant/Petitioner's *pro se* Motion for Plain Error Review pursuant to Federal Rule of Criminal Procedure 52(b); Inapplicable 21 U.S.C. § 851 Enhancement. ECF No. 279.

In an attempt to obtain post-conviction relief outside the context of a 28 U.S.C. § 2255 proceeding, Petitioner brings his Motion pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure. As grounds for reversing his conviction Petitioner claims his sentence was inappropriately enhanced under 21 U.S.C. § 851 because his prior Ohio drug conviction should not qualify as a felony drug offense because Ohio statute is overbroad and divisible and the Government failed to prove the Ohio conviction is encompassed by the federal definition for a felony drug offense.

While Petitioner's Motion does not specifically invoke Section 2255, the motion requests the Court vacate Petitioner's sentence and to resentence Petitioner. The Court understands his Motion, in totality, to be a collateral attack on Petitioner's conviction. Additionally, Rule 52(b) does not provide Petitioner the

relief he is seeking. Rule 52(b) of the Federal Rules of Criminal Procedure states that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Rule 52(b)'s plain error standard is "intended for use on **direct appeal**," and its application "is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review." *United States v. Frady*, 456 U.S. 152, 164 (1982) (emphasis added). The Rule provides a standard of review and does not purport to be a procedural basis for vacating a conviction. Petitioner does not cite, and this Court is not aware of any federal statute, federal rule of procedure, or precedent that would authorize the Court to grant post-conviction relief to Petitioner based on the plain error standard in Rule 52(b). Thus, Rule 52(b) has no application to this collateral challenge.

Accordingly, the Court construes Petitioner's Motion for Plain Error Review as a Motion to Vacate or Set Aside Sentence under 28 U.S.C. § 2255.

## BACKGROUND

On December 18, 2009, Petitioner pled guilty to conspiring to traffic in cocaine and methamphetamine. ECF No. 146. Pursuant to a mandatory minimum, the Court sentenced Petitioner to 20 years in prison and 10 years of supervised release on May 18, 2010. ECF No. 181. On September 13, 2011, Petitioner filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 235. The Court denied Petitioner's first motion to vacate on May 12, 2012. ECF No. 244. On July 17, 2014, Petitioner filed his second motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 251. On June 1, 2015, the Court denied Petitioner's second motion to vacate his sentence. ECF No. 257.

This Section 2255 motion to vacate sentence and for resentencing marks Petitioner's third challenge to his sentence and presents very similar arguments as found in the first two motions that were previously denied.

## DISCUSSION

28 U.S.C. § 2255(h) provides that:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Thus, as the Ninth Circuit noted, "Section 2255(h) creates a jurisdictional bar to the petitioner's claims: 'if the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.'" *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) (quoting *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009)).

Before a successive Section 2255 petition may be filed in the district court, the petitioner must move the appropriate court of appeals to authorize the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Here, Petitioner has already had two motions to vacate under 28 U.S.C. § 2255 denied. ECF Nos. 244, 257. The Court cannot find evidence that Petitioner has sought, or that the Ninth Circuit has granted, authorization that would allow this Court to consider Petitioner's successive Section 2255 motion. He has not obtained certification from the Ninth Circuit that his third successive motion contains new evidence or a new rule of constitutional law has been made retroactively applicable. As such, the Court lacks the authority to consider Petitioner's third motion to vacate his sentence because he has not fulfilled the requirements of 28 U.S.C. § 2255(h).

///

///

**ORDER DENYING MOTION TO VACATE SENTENCE AND FOR RESENTENCING** ~ 3

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Plain Error Review, **ECF No. 279**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to the United States Attorneys' Office and Defendant/Petitioner *at his prison address*, and **close the file.**

**DATED** this 18th day of January, 2018.

<u>*s/Robert H. Whaley*</u>
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING MOTION TO VACATE SENTENCE AND FOR RESENTENCING** ~ 4